UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER C. URBAN,

    Petitioner,

v.                                              Case No. 6:24-cv-2377-JSS-DCI

STATE OF FLORIDA,

    Respondent.
_____/

## ORDER

On December 30, 2024, Petitioner, an inmate proceeding pro se, filed a Petition for Writ of Error Coram Nobis. (Petition, Dkt. 1.) Petitioner seeks to challenge the Eighteenth Judicial Circuit Court of Brevard County, Florida's denial of his motion to suppress evidence in Case No. 05-2023-cf-38503. (*Id.* at 4–6.)

It is unclear whether Petitioner has been convicted in case 05-2023-cf-38503 or is awaiting trial. Presuming Petitioner has been convicted, "coram nobis 'is not available in federal court as a means of attack on a state criminal judgment.'" *Garcon v. Fla.*, 571 F. App'x 782, 783 (11th Cir. 2014) (quoting *Theriault v. Mississippi*, 390 F.2d 657, 657 (5th Cir. 1968)). Consequently, Petitioner may not attack his state conviction through a petition for writ of error coram nobis. If Petitioner wishes to initiate a federal habeas petition challenging a state conviction, 28 U.S.C. § 2254 authorizes federal courts to entertain a habeas petition when a person is "in custody pursuant to a judgment of a State court . . . ." 28 U.S.C. § 2254(a). Local Rule 6.04 requires a pro

se prisoner to use the standard 28 U.S.C. § 2254 form to file a petition for habeas relief. *See* M.D. Fla. L. R. 6.04(a). Thus, to initiate a habeas action, Petitioner may file a petition for writ of habeas corpus under 28 U.S.C. § 2254 on the standard form if he has been convicted.

In the event Petitioner has not been convicted and is seeking this court's intervention in his ongoing criminal proceeding, such relief is unwarranted. The principles of equity, comity, and federalism require federal courts to refrain from intervening in pending state criminal proceedings when the party requesting federal intervention has an adequate remedy at law and will not suffer irreparable injury. *Younger v. Harris*, 401 U.S. 37, 43–44 (1971). "*Younger* abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue." *Johnson v. Florida*, 32 F.4th 1092, 1099 (11th Cir. 2022) (citing *Younger*, 401 U.S. at 43–45). "There are three narrow exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Id.* (citing *Younger*, 401 U.S. at 46–49, and *Kugler v. Helfant*, 421 U.S. 117, 123–25 (1975)).

Here, presuming Petitioner's state criminal proceeding is pending, that proceeding involves important state interests, and Petitioner has adequate opportunity to raise his constitutional claims in the state courts. Further, there is no evidence that the criminal proceeding is motivated by bad faith or that irreparable injury will occur.

Therefore, this case will be dismissed without prejudice to give Petitioner the opportunity to properly file a habeas petition on the form, if he chooses, and to either pay the filing fee or submit an affidavit of indigency.

Accordingly:

1. This case is **DISMISSED without prejudice**.[1]

2. The Clerk is directed to mail Petitioner a 28 U.S.C. § 2254 habeas petition form, terminate any pending motions, and to close this case.

3. If Petitioner chooses to pursue a habeas action, he shall complete and submit the habeas form. Petitioner, however, should not place the instant case number on the form because this case will be closed. The Clerk will assign a separate case number in the event Petitioner pursues a habeas action.

**ORDERED** in Orlando, Florida, on January 8, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party

---

[1] The court notes that the dismissal without prejudice does not excuse Petitioner from the one-year period of limitation for filing a habeas corpus petition in the federal courts. *See* 28 U.S.C. § 2244(d).